IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WILLIE FRANK GARY,

    Plaintiff,

v.                                                          CASE NO. 5:11-cv-295-MP-GRJ

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____/

## **ORDER**

    Pending before the Court is Defendant's Motion To Remand. (Doc. 19.) Defendant requests the Court to remand this case to the Commissioner for further proceedings because significant portions of the hearing recording are inaudible and cannot be transcribed.

    Pursuant to 42 U.S.C. §405(g) of the Social Security Act, the Court may remand a case to the Commissioner "on motion of the Commissioner made for good cause shown before he files his answer." As the Commissioner has not yet filed an answer in the instant case, the sole issue for consideration is whether the Commissioner has shown good cause for the requested remand.

    Where there is a procedural defect, such as an inaudible hearing tape, there is good cause to support a remand under sentence six. Congress has clearly stated that good cause for remand may be found "where the tape recording of the claimant's oral hearing is lost or inaudible or cannot otherwise be transcribed..."[1] Therefore, the Court finds that the Commissioner has shown good cause for remand.

---

[1] H.R. Rep. No. 96-944, 96th Cong., 2d Sess. 59 (1980).

Accordingly, upon due consideration, it is **ORDERED**:

(1) Defendant's Motion To Remand (Doc. 19) is **GRANTED**.

(2) This action is hereby **REMANDED** to the Commissioner, pursuant to sentence six of 42 U.S.C. § 405(g), for the Commissioner to conduct a *de novo* hearing before an Administrative Law Judge and have the hearing transcribed, subject to the requirement that the Commissioner provide the Court with status reports every three months regarding the progress of the remand process.

(3) Because this cause is remanded pursuant to sentence six of 42 U.S.C. § 405(g), the Court shall retain jurisdiction in this matter and the Clerk should withhold the entry of a final judgment in this case. However, the Clerk should administratively close this matter pending the completion of the administrative proceedings. The parties shall request the Court to re-open this matter at the conclusion of the administrative proceedings.

**DONE AND ORDERED** this 5th day of January 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge